IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| THOMAS CLAY | § | |
| v. | § | CIVIL ACTION NO. 6:06cv2 |
| OFFICER ELLIS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Thomas Clay, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Clay complained about an incident in which force was used upon him in December of 2004 at the Beto Unit. The lawsuit was filed in February of 2005, at which time Clay was at the Eastham Unit.

After review of the complaint, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that Clay had previously filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief could be granted. Accordingly, under 28 U.S.C. §1915(g), the Magistrate Judge concluded that Clay was barred from proceeding *in forma pauperis* unless he was in imminent danger of serious physical injury. Because Clay made no such showing, nor did he pay the filing fee, the Magistrate Judge recommended that the lawsuit be dismissed.

Clay filed objections to the Report on March 13, 2006. In his objections, Clay says that the Magistrate Judge is attempting to "blackball" him from further filing of civil lawsuits. He says that this "scheme" began in the Southern District by Judge Samuel Kent, and has been joined by Judges

1

Nancy Atlas, Lynn Hughes, Thad Heartfield, and now the Magistrate Judge in this case. He says that the finding of "three strikes" is not supported by any final judgment and that he has never filed a frivolous case nor has he been found as a matter of law to have even one strike.

After directing various imprecations at the Magistrate Judge, Clay says that his lawsuit against K-Mart, cited by the Magistrate Judge, cannot be considered a strike because K-Mart was not a facility in which he was incarcerated. He points to the language in Section 1915(g) limiting strikes to lawsuits filed "while incarcerated," Clay argues that he was not incarcerated at the time this lawsuit was filed, which appears to be correct. This lawsuit should not be counted as a strike.

Next, Clay says that his lawsuit against Christus Spohn Memorial Hospital was not dismissed as frivolous, but on summary judgment. However, the Order of Dismissal in that case dismisses the claims against the Defendants Koepsel, Jennings, and Flores on summary judgment, and dismisses the claims against the Defendants Nueces County Jail Employees and Nueces County Medical Department as frivolous. As the Magistrate Judge properly observed, the Fifth Circuit has stated that partial dismissals of claims as frivolous, even if other claims are dismissed for other reasons. Comeaux v. Cockrell, 72 Fed.Appx. 54 (5th Cir., July 15, 2003) (not selected for publication in the Federal Reporter), *citing* Patton v. Jefferson Correctional Center, 136 F.3d 458, 463 (5th Cir. 1998). Clay fails to show error in treating this dismissal as a strike.

Clay says that his lawsuit styled against the Nueces County Sheriff's Department should not be counted as a strike because it was not dismissed as frivolous, but for failure to prosecute and to pay a partial filing fee. This is incorrect; of the seven claims listed by Judge Jack in the order of dismissal, six were dismissed with prejudice as frivolous and for failure to state a claim upon which relief could be granted, with the other one being dismissed without prejudice. This case plainly counts as a strike for purposes of Section 1915(g).

In Clay v. Ramos, et al., civil action no. 2:00cv409 (S.D.Tex.), a number of claims were dismissed with prejudice as frivolous and for failure to state a claim, and the remainder of the claims were later dismissed for failure to prosecute. This is the very situation which transpired in Comeaux,

where the Fifth Circuit held that the partial dismissal counted as a strike. Thus, even not counting Clay's lawsuit against K-Mart, it is apparent that he has accumulated three strikes and is subject to the Section 1915(g) bar. The Court further notes, as did the Magistrate Judge, that in <u>Clay v. Correctional Management</u>, G-05-569, the Southern District specifically said that Clay had three strikes and referred to him as a "recreational litigator." Clay's objections to the Magistrate Judge's conclusion on this point are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court, with the proviso that the lawsuit styled <u>Clay v. K-Mart</u>, C-01-mc-0036 (S.D.Tex.) shall not be counted as a strike because Clay was not incarcerated when he filed it; however, Clay has accumulated three strikes even without counting this lawsuit, so the Magistrate Judge's proposed findings and conclusions are otherwise correct. It is further

ORDERED that the Plaintiff's *in forma pauperis* status be and hereby is REVOKED. It is further

ORDERED that this lawsuit is hereby DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $250.00 filing fee. Finally, it is

**So ORDERED and SIGNED this 20th day of March, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

ORDERED that any and all motions which may be pending in this action are hereby DENIED.